# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-cv-23924-DPG

SARA GEDA,

    Plaintiff,

vs.

2K CLEVELANDER, LLC,

    Defendant.
_____/

## PLAINTIFF, SARA GEDA'S, MOTION FOR PARTIAL SUMMARY JUDGMENT

Respectfully submitted,

**LAW OFFICES OF PAUL A. SACK, P.A.**
1130 Washington Avenue, Suite 3
Miami Beach, Florida 33139
Telephone: 305-397-8077
Facsimile: 305-763-8057

By:   <u>/s/ PAUL A. SACK, ESQ.</u>
FBN: 363103
Primary: paul@paulsacklaw.com
ps1619@bellsouth.net

R. BRANDON DEEGAN, ESQ.
FBN: 117368
Primary: deegan@paulsacklaw.com

THOMAS LARNED, ESQ., *of counsel*
Fla. Bar. No.: 1002344
Primary: tlarned@thejusticegroupconsulting.com

## PLAINTIFF, SARA GEDA'S, MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff, Sara Geda, moves for partial summary judgment and states:

1. Plaintiff, Sara Geda, worked as a bartender for the Defendant, 2K Clevelander, LLC. She alleges Defendant violated the Fair Labor Standards Act ("FLSA") and seeks damages for overtime and/or minimum wages (higher of the two where applicable). She seeks partial summary judgment that Plaintiff was not subject to the 207(i) FLSA overtime exemption because (discretionary) "service charges" were actually gratuities paid by the customers to the employees rather than 'service charges'.[1] While there are many other important issues that undermine the attempted exemption and involve disputed facts, there is no dispute that the Clevelander policy was that service charges were discretionary.

2. Discretionary "service charges" are in fact tips that belong to the employee, not the employer and cannot be considered 'commissions' used to satisfy the 7(i) exemption and cannot be used to satisfy minimum wage obligations.[2] **There is no question that the "service charges" were in fact discretionary, as mandated in Defendant's own policy as a "right" of the customer and as testified by multiple employees:**[3]



---

[1] This is alleged as Defendant's Thirteenth Affirmative Defense. (Doc. 9, p.7); PSF ¶12
[2] Absent a proper tip credit which was not used and has not been alleged as affirmative defense by the Defendant; even if applicable, a tip credit can only satisfy a portion of minimum wage.
[3] PSF ¶ 3, 6-9, 13-20 (Doc. 38, p.1-5)

3. If a customer did not want to pay the discretionary "service charge", he or she could simply have it removed. [4] The employees explain that the Clevelander implemented the customer's "right to increase or decrease the service charged based on their perception of the service" by enabling removal of this gratuity with a button on the register. [5] This fact shows that the "service charge" was not compulsory and, thus, is in fact a tip rather than a service charge.

4. **"[Defendant's] argument that the fee was not compulsory because only a supervisor or manager could remove it still misses the mark. That argument on its face shows that the fee was not compulsory: if a customer did not want to pay the fee, then she or he could have the manager remove it."** Cachola-Bonilla v. Wyndham El Conquistador Resort & Country Club, 577 F.Supp.2d 566, 574 (D.P.R. 2008) (emphasis supplied).

5. The customer's "right to increase or decrease the service charge based on their perception of the service that was provided" was simple to exercise, as the Clevelander permitted the customer to increase this gratuity on the customer receipts as well. [6]

Source: 10/3/14 Receipt produced by Defendant; see Plaintiff's Tip Affidavit (Doc. 37-1, p.3, 8)

---

[4] PSF ¶3, 13, 15 (Doc. 38, p.1, 3-4)
[5] (Doc. 37-1, p.3); PSF ¶15 (Doc. 38, p.4)
[6] PSF ¶14 (Doc. 38, p.4); Plaintiff's Tip Affidavit (Doc. 37-1, p.3, 8)

3

6.     The service charge was consistently referred to as a tip and was discretionary at all times. It was increased and removed depending on the customer's perception of the service, as stated in the Defendant's own policy. Thus, because the service charges were actually tips, Plaintiff's Motion for Partial Summary Judgment should be granted.

## MEMORANDUM OF LAW

*Plaintiff Incorporates her Statement of Material Facts (Doc. 38)*

**i.     Legal Standard**

Summary Judgment is appropriate when the pleadings, depositions, answers to Interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). An issue is 'genuine' only if there is sufficient evidence with which a reasonable jury could find for the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Once the moving party has met its burden, under 56(e), the burden of production shifts and the nonmoving party "must do more than simply show there is some metaphysical doubt as to the material facts." Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986); Fed. R. Civ. P. 56(e). "Summary judgment cannot be avoided…based on hunches unsupported with significant probative evidence." Raney v. Vinson Guard Serv., 120 F.3d 1192, 1198 (11th Cir. 1997).

The nonmoving party "may not rest upon the mere allegations or denials of the adverse party's pleadings," but instead must come forward with "specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co., Ltd., v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(e).

ii.   **Clevelander's Discretionary Service Charge**



*Source: Def's 7(i) Tip Policy (Doc. 37-1, p.6); Plf's SOF ¶2-5 (Doc. 38, p.1-2)*

Discretionary service charges cannot be used to satisfy the 7(i) exemption as they are tips rather than service charges. Discretionary service charges are tips which cannot be used to satisfy minimum wage and overtime wage requirements. [7] This is in contrast to compulsory, non-discretionary service charges, which are not considered tips, but are rather part of an employer's gross receipts which can be used to satisfy minimum wage and overtime wage requirements. Virgin v. Escalante-Black Diamond Golf Club, LLC, 2014 WL 12591472 at *1-3 (M.D. Fla. Aug. 4, 2014) (Finding that the fact that "The Plaintiff argues that the service charge was discretionary and that he personally witnessed several members complain about the service charge and have it removed" was a factor that weighed in favor of its status as a tip as opposed to a compulsory, non-discretionary service charge).

The Wyndham Court reviewed a challenge to a Magistrate Judge's finding that: "**(c) the fact that the service charge may be removed by a supervisor or a manager shows that the fee was not compulsory.**":

---

[7] Absent a tip credit which has not been alleged as a defense and is a separate issue from 207(i) overtime exemption affirmative defense.

[T]he Court fully agrees with the analysis…" Plaintiffs have shown that the service charge was subject to change or could even be eliminated from the client's bill. … **Hence, there is clearly an issue of material fact regarding the nature of the assessed fee, that is, whether it is a compulsory service charge or whether it is indeed a "disguised" tip.".** [8]

Defendant's own 7(i) policy states: [9]

| LSOP #: | FB 03.01.14(A) | Department: | Food and Beverage |
|---|---|---|---|
| Subject: | Tipping Procedure | Date: | 3-11-14 |

Clevelander and Essex House profit centers and all room service checks. The guest has the right to increase or decrease the service charge based on their perception of the service that was provided. These tips will be allocated based off of the procedural steps listed below (steps 3 - 5)

Defendant's policy specifically says that the 'service charges' are discretionary. PSF ¶3-6. Defendant argues its system depends on service charges qualifying as commissions. [10] It has further stated that when Plaintiff was not doing separate hourly work, all pay was made to her and other employees from service charges and 'overtips' (both of which constitute tips because service charges were discretionary and for the other reasons discussed herein). [11]

This together with the employee Affidavits and other evidence proves that the service charges were discretionary. If the service charges are discretionary: they are 'Tips' that belong to the employee; are not considered paid by the employer; are not included in the 'Regular Rate'; and there cannot be a 7(i) exemption paid by the discretionary service charges. Because the Defendant contends pay was entirely based on these discretionary service charges, the 'Regular Rate' falls to virtually nothing, negating the 7(i) exemption on this additional basis (in addition to lack of

---

[8] Cachola-Bonilla v. Wyndham El Conquistador, 577 F.Supp.2d 566, 573-74 (D.P.R. 2008)
[9] See Def's 7(i) Tip Policy (Doc. 37-1, p.6); Plf's SOF ¶2-5 (Doc. 38, p.1-2)
[10] Def's Interrogatory Answer #5 (Doc. 36-2, p.6)
[11] Def's Interrogatory Answer #7 (Doc. 36-2, p.7-8)

'commission'). Bradescu v. Hillstone Rest. Group, Inc., SACV 13-1289-GW RZX, 2014 WL 5312546, at *4 (C.D. Cal. Sept. 18, 2014), order confirmed, SACV 13-1289-GW RZX, 2014 WL 5312574 (C.D. Cal. Oct. 10, 2014). [12]

This is further evidenced by the other documents that described these amounts as 'Tips', including the barback reports that list all pay as 'Tips'; the March 2014 7(i) policy that describes the pay system in terms of tips and gratuities; the Clevelander's use of the terms overtips, commissions, tips, gratuities, and service charges interchangeably. Plaintiff's pay was supposed to be based on the actions of the employees, including Mario Alban, who testified in his Affidavit from his personal knowledge that these charges were discretionary (Alban was not deposed):

> This [7(i) Tip Policy] document is consistent with the Clevelander's policy of treating 'service charges' as discretionary charges that could be decreased or eliminated by the customer and is consistent with what actually occurred, as customers decreased or eliminated the 'service charges' at their discretion. This was the policy on the days when Sara Geda worked at the Clevelander and was the policy on the days when I worked at the Clevelander. It was their policy at all times material, including after March 1, 2014.

(Doc. 37-2, p.3); PSF ¶13 (Doc. 38, p.3)

The service charges were also discretionary because they were not included on all of the checks and were 'zeroed out' on many others. [13] "The 'mandatory service charges' were not in fact mandatory but were in fact discretionary.

> 'Service charges' were not mandatory. The 7(i) policy document is consistent with the Clevelander's policy of treating 'service charges' as discretionary charges that could be decreased or eliminated by the customer and is consistent with what actually

---

[12] "The parties agree, citing 29 C.F.R. §§ 531.52, 531.55, 531.60, that tips do not have to be included in the "regular rate," while a "service charge" does because the latter is compulsory, whereas the former (both in its existence and amount) is a matter determined solely by a customer. Hillstone argues that the large-party 18% gratuity does not constitute a service charge includable in Plaintiffs "regular rate" because the customers were never required to pay the 18%, and maintained sole discretion to waive, negotiate or otherwise determine the amount of any appropriate gratuity. On this issue as well, there is a triable issue of fact."
[13] PSF ¶13, 15 (Doc. 38, p.3-4)

7

occurred, as **customers decreased or eliminated the 'service charges' at their discretion**.

There is no question that the service charges were in fact discretionary, as mandated in Defendant's own policy as a "right" of the customer and as testified by multiple employees: [14]

```
                    SOUTH BEACH
 LSOP #:      FB 03.01.14(A)      Department:  Food and Beverage
 Subject:     Tipping Procedure   Date:        3-11-14
 Clevelander and Essex House profit centers and all room service checks. The guest has the right
 to increase or decrease the service charge based on their perception of the service that was
 provided. These tips will be allocated based off of the procedural steps listed below (steps 3 - 5)
```

The policy that set forth this entire new tipping system is called a "Tipping Procedure" policy and immediately after explaining that these "service charges" are completely discretionary and based on the "perception of the services that was provided", the Clevelander explains that "These tips will be allocated based off of the procedural steps listed below (steps 3-5). (Doc. 37-1, p.6).

Paragraph 3 of the 'service charge' tipping policy explains how to allocate these discretionary service charge "tips": "Bartender **tips** are pooled by profit center. 1020 Main Bartender and 1020 Service Bartender are to pool **tips** as they are considered one profit center. Each Bartender is responsible for **tipping** out the following associates based off the criteria below: a. Barback – … 20% of **tips**…" (Doc. 37-1, p.6).

Paragraph 5 of the 'service charge' tipping policy explains that "All **tip** payouts are to be calculated through and logged to the Daily Commission Report." This policy provides that all of the spreadsheets provided by Defendant are for calculating "tip payouts". This March 11, 2014, "7(i) policy" ends with "I understand the foregoing **tip policy.**" (Doc. 37-1, p.6).

---

[14] PSF ¶ 3, 6-9, 13-20 (Doc. 38, p.1-5)

8

In Cachola-Bonilla v. Wyndham El Conquistador Resort & Country Club, the Court refused to grant summary judgment to the Defendants who were claiming a 7(i) defense. 577 F.Supp.2d 566 (D.P.R. 2008). The Court said:

> Plaintiffs have shown that the service charge was subject to change or could even be eliminated from the client's bill by El Bistro's manager, supervisor or an employee, if the client as much as questioned the fee. ... Hence, there is clearly an issue of material fact regarding the nature of the assessed fee, that is, whether it is a compulsory service charge or whether it is indeed a "disguised" tip. … The Magistrate Judge concluded that "the language on the menu informing "Le Bistro" customers of the service charge does not establish that the fee met the requirements for a service charge" in compulsory fashion. "A 20% service charge shall be added" ... "As the plaintiff point out, the menu does not state that the fee is compulsory." … In determining not to dispose of the case via summary judgment the court is particularly impressed with the fact that, on the one hand, the language contained at the menu tends to point the court toward a "service charge" but, on the other, the employer provides most of the proceeds to the employees signaling a tip.
>
> Cachola-Bonilla v. Wyndham El Conquistador Resort & Country Club, 577 F. Supp. 2d 566, 569-577 (D.P.R. 2008).

In Hart v. Rick's Cabaret Int'l, Inc., the fact that customers who had to pay a mandatory minimum charge for entertainment could pay more than the minimum did not support the notion that the payments were "service charges:" "Although the payments were not made "voluntarily" in the sense that the customers were obligated to pay some amount for the services they were receiving, the customer could choose the dancer to request the dance from, and could pay more than the price set by the club which the evidence established was a minimum price, but not a maximum." Hart v. Rick's Cabaret Int'l, Inc., 967 F. Supp. 2d 901, 932 (S.D.N.Y. 2013).

The terms of the Defendant's Tipping Procedure policy, assert that the service charges are negotiable. (Doc. 37-1, p.6). Further, the point of sale system has a button allowing the Clevelander to remove the service charge on the spot. PSF ¶15 (Doc. 38, p.4). "[Defendant's] argument that the fee was not compulsory because only a supervisor or manager could remove it still misses the mark. That argument on its face shows that the fee was not compulsory: if a

9

customer did not want to pay the fee, then she or he could have the manager remove it." Cachola-Bonilla v. Wyndham El Conquistador Resort & Country Club, 577 F.Supp.2d 566, 574 (D.P.R. 2008). As Plaintiff testified in her Affidavit (no deposition taken): "The Clevelander was able to remove service charges using its point of sale cash registers. We removed the service charges using the point of sale cash registers upon request by customers because the 'service charges' were discretionary tips.". [15]

In Hart, the ability to increase the (discretionary) service charge was found to be inconsistent with a service charge. The Clevelander's own receipts permit adjustment of the 'service charge' itself with 'additional service charge':

*Source: 10/3/14 Receipt produced by Defendant;*

*Plaintiff's Tip Affidavit (Doc. 37-1, p.3, 8);*

*PSF ¶14 (Doc. 38, p.4)*

As shown on the full check attached to Plaintiff's Affidavit, it even instructs the customer that this gratuity is linked to the quality of the service provided, stating that its purposes is because "We believe in exceptional service." Id. The Clevelander streamlined removal of this gratuity with a button on its cash register. [16] All of this is consistent with the fact that the discretionary service charge was a tip.

### iii. **United States Department of Labor, Wage and Hour Division**

While the United States Department of Labor, Wage and Hour Division's ("USDOL/WH") procedure do not control, it is important to note that the position of the USDOL/WH is that

---

[15] (Doc. 37-1, p.3); PSF ¶15 (Doc. 38, p.4)
[16] (Doc. 37-1, p.3); PSF ¶15 (Doc. 38, p.4)

discretionary service charges are considered tips. Particularly important is "evidence indicating whether the payment is mandatory or optional, including whether the customer exercises discretion regarding whether the quality of the service merits the payment and the amount of the payment…"[17] The facts indicate that the alleged service charge is not truly compulsory and that it was discretionary (changed based on the customer's perception of the quality of the service).[18]

> SOUTH BEACH
> LSOP #: FB 03.01.14(A)    Department: Food and Beverage
> Subject: Tipping Procedure    Date: 3-11-14
> Clevelander and Essex House profit centers and all room service checks. The guest has the right to increase or decrease the service charge based on their perception of the service that was provided. These tips will be allocated based off of the procedural steps listed below (steps 3 - 5)

**based on their perception of the service**

In its March 11, 2014 7(i) Tip Policy document, the Clevelander clearly states that "The guest has the right to increase or decrease the service charge based on their perception of the service that was provided."[19] In addition, Plaintiff has attested in her Affidavit that "We removed the service charges using the point of sale cash registers upon request by customers because the 'service charges' were discretionary tips." (Doc. 37-1). This level of discretion means that Defendant's "service charges" were not in fact compulsory and, thus, were really tips. As noted in the Department of Labor Field Operation Handbook, tips are not commissions at all, much less

---

[17] Department of Labor Field Operation Handbook ("FOH") 30d03 ("Service Charges") (emphasis supplied)
[18] PSF ¶ 3, 6-9, 13-20 (Doc. 38, p.1-5)
[19] PSF ¶2-5 (Doc. 38, p.2); Plaintiff's Tip Affidavit, ¶6-10, 16-27 (Doc. 37-1, p.1-4, 6); also see Alban Tip Affidavit (Doc. 37-2); also see Llorente Tip Declaration (Doc. 37-3)

bona fide commissions. This would not only invalidate the 7(i) defense but would mean that Defendant is also liable for unpaid minimum wages for failure to pay a base wage. [20]

## **CONCLUSION**

For the foregoing reason, Plaintiff respectfully submits that the Court should grant partial summary judgment and find that the discretionary service charges are gratuities and that the 7(i) exemption is inapplicable.

WHEREFORE, Plaintiff, Sara Geda, respectfully requests that the Court grant partial summary judgment and (1) find that the discretionary service charges are in fact tips; (2) dispose of Defendant's Thirteenth Affirmative Defense; (3) grant Attorneys' Fees and Costs if proper; and (4) grant such other relief as may be deemed just and proper.

[CERTIFICATE OF SERVICE ON FOLLOWING PAGE]

---

[20] The Department of Labor Field Operations Handbook addresses this situation: "Where an employer does not strictly observe the provisions of section 3(m)… no FLSA 3(m) tip credit may be claimed, and the employee is entitled to receive the full cash minimum wage, in addition to retaining all tips he or she received." "For example, where an employer does not fulfill its obligation under 29 CFR 531.59(b) to inform a tipped employee of the provisions of section 3(m), or **pays no wages to an employee who receives tips**, the full minimum wage is due and no FLSA 3(m) tip credit will be allowed. 30d01(b)" (emphasis added). The FOH continues: "(1) A tip credit may not be retroactively included in back wage calculations" "The WHD will not allow an employer to claim an FLSA 3(m) tip credit on a retroactive basis where the employer has not met the requirements for taking a tip credit. For example, **an employer that pays no wages (i.e., employees received only tips) will be required to pay the full minimum wage** and will not be able to claim an FLSA 3(m) tip credit. 30d01(b)(1) (emphasis added)"

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy hereof has been served by electronic mail upon all persons on the attached service list on March 23, 2018.

           Respectfully submitted,

           **LAW OFFICES OF PAUL A. SACK, P.A.**
           1130 Washington Avenue, Suite 3
           Miami Beach, Florida 33139
           Telephone: 305-397-8077
           Facsimile: 305-763-8057

By:  /s/ PAUL A. SACK, ESQ.
     FBN: 363103
     Primary: paul@paulsacklaw.com
     ps1619@bellsouth.net

     R. BRANDON DEEGAN, ESQ.
     FBN: 117368
     Primary: deegan@paulsacklaw.com

     THOMAS LARNED, ESQ., *of counsel*
     Fla. Bar. No.: 1002344
     Primary: tlarned@thejusticegroupconsulting.com

**SERVICE LIST**

JOHN CODY GERMAN, ESQ.
Fla. Bar No. 58654
Cole, Scott & Kissane, P.A.
Attorney for Defendant
9150 South Dadeland Boulevard, Suite 1400
P.O. Box 569015
Miami, Florida 33256
Telephone: (786) 268-6441
Facsimile: (305) 373-2294
Primary: cody.german@csklegal.com
yvonne.orosa@csklegal.com

REBECCA R. ANGUIANO, ESQ.
Fla. Bar No. 99690
Cole, Scott & Kissane, P.A.
Attorney for Defendant
9150 South Dadeland Boulevard, Suite 1400
P.O. Box 569015
Miami, Florida 33256
Telephone: (786) 268-6441
Facsimile: (305) 373-2294
Primary: rebecca.anguiano@csklegal.com
tania.gomez@csklegal.com

PAUL A. SACK, ESQ.
Fla. Bar No. 363103
Paul A. Sack, P.A.
Attorney for Plaintiff
1130 Washington Avenue, Suite 3
Miami Beach, Florida 33139
Telephone: (305) 397-8077
Facsimile: (305) 763-8057
Primary: paul@paulsacklaw.com
ps1619@bellsouth.net

R. BRANDON DEEGAN, ESQ.
Fla. Bar No. 117368
Paul A. Sack, P.A.
Attorney for Plaintiff
1130 Washington Avenue, Suite 3
Miami Beach, Florida 33139
Telephone: (305) 397-8077
Facsimile: (305) 763-8057
Primary: deegan@paulsacklaw.com

THOMAS LARNED, ESQ.
Fla. Bar No. 1002344
Attorney for Plaintiff
1130 Washington Avenue, Suite 3
Miami Beach, Florida 33139
Telephone: (305) 397-8077
Facsimile: (305) 397-8077
tlarned@thejusticegroupconsulting.com