UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-cv-23924-GAYLES/OTAZO-REYES

SARA GEDA,

    Plaintiff,

vs.

2K CLEVELANDER, LLC,

    Defendant.
_____/

## SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS

SARA GEDA ("GEDA"), and her respective heirs, executors, administrators, successors, and assigns (collectively referred to throughout this Agreement as "PLAINTIFF"), and 2K CLEVELANDER, LLC and its affiliates, subsidiaries, predecessors and successors (collectively referred to throughout this Agreement as "DEFENDANT") (together, the "PARTIES"), agree that:

WHEREAS, PLAINTIFF claims that she is owed unpaid wages and/or commissions by DEFENDANT pursuant to the Fair Labor Standards Act ("FLSA"), contract, and/or Florida common law;

WHEREAS, PLAINTIFF filed an action styled *Sara Geda v. 2K Clevelander, LLC,* Case No. 17-cv-23924-GAYLES/OTAZO-REYES, pending in the United States District Court for the Southern District of Florida, ("the Action"), to recover said alleged unpaid wages and/or commissions;

WHEREAS, DEFENDANT disputes that PLAINTIFF is owed any wages, commissions, reimbursements or any other form of compensation;

WHEREAS, on October 26, 2018, the PARTIES participated in voluntary mediation which resulted in a complete resolution of PLAINTIFF's claims (whether set forth in the Action or otherwise); and

WHEREAS, the PARTIES, solely to avoid the costs, risks and disruption which will inevitably result from further litigation of the Action, have agreed to resolve all of the controversies, claims, demands and rights between them amicably and expeditiously, whether such controversies, claims, demands or rights are presently known or unknown, or whether they have been or could have been asserted prior to the execution of this Agreement;

NOW, THEREFORE, intending to be legally bound and in consideration of the mutual covenants and agreements contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by entering into this Settlement Agreement and Release (the "Agreement"), it is hereby

STIPULATED AND AGREED by and between the PARTIES that the Action, PLAINTIFF's FLSA claims and all other claims which have been or could have been asserted by PLAINTIFF are resolved as follows:

1. **Consideration.** In consideration for signing this Agreement, and complying with its terms, DEFENDANT agrees to pay, or cause to be paid, to PLAINTIFF and her counsel the total, aggregate sum of TWENTY-FOUR THOUSAND DOLLARS ($24,000.00), which shall be apportioned as follows:

   a. SARA GEDA shall receive the total gross amount of Seven Thousand Five Hundred Dollars and Zero Cents ($7,500.00), by way of two (2) separate checks from or on behalf of DEFENDANT made payable as follows:

      1. SARA GEDA shall receive Three Thousand Seven Hundred and Fifty Dollars and Zero Cents ($3,750.00), less lawful deductions and withholdings, representing alleged unpaid wages; this amount will be reported on an IRS Form W-2 which shall be issued to SARA GEDA for the 2018 tax year on or before the deadline imposed by the IRS for the issuance of Form W-2's;

      2. SARA GEDA shall receive Three Thousand Seven Hundred and Fifty Dollars and Zero Cents ($3,750.00), representing any and all alleged liquidated and other damages claimed to have been suffered by PLAINTIFF (which in no way represents payment of wages), and for which DEFENDANT will issue an IRS Form 1099 to SARA GEDA.

   b. The Law Offices of Paul A. Sack, P.A. shall receive a check for Thirteen Thousand Five Hundred Dollars and Zero Cents ($13,500.00), representing the full and final amount of attorneys' fees incurred in the Action and in the prosecution of PLAINTIFF's claims (whether asserted or unasserted), and for which DEFENDANT will issue an IRS Form 1099 to The Law Offices of Paul A. Sack, P.A.

   c. The Law Offices of Paul A. Sack, P.A. shall receive a check for Three Thousand Dollars and Zero Cents ($3,000.00), representing the full and final amount of costs incurred in the Action and in the prosecution of PLAINTIFF's claims

(whether asserted or unasserted), and for which DEFENDANT will issue an IRS Form 1099 to The Law Offices of Paul A. Sack, P.A.

As set forth below, PLAINTIFF'S and her counsel's actual receipt of the settlement funds is subject to the Court's approval of the settlement and dismissal of the Action with prejudice. Pursuant to *Lynn's Food Stores, Inc. v. U.S. Dep't. of Labor*, 679 F.2d 1350 (11th Cir. 1982), the PARTIES shall file a Joint Motion for Approval and proposed Order dismissing this Action with prejudice no later than ten (10) days after the full execution of this Agreement.

The above-referenced payments shall be delivered within thirty (30) days after the last of the following have occurred: (1) counsel for DEFENDANT receives this Agreement with PLAINTIFF'S original signature; (2) counsel for DEFENDANT receives a fully completed and signed IRS Form W-4 from PLAINTIFF, a fully completed and signed IRS Form W-9 from PLAINTIFF, and a fully completed and signed IRS Form W-9 from PLAINTIFF's counsel; and (3) counsel for DEFENDANT receives the Court's order of dismissal of the Action with prejudice.

The sums detailed above are in full and final settlement and resolution of any and all asserted or unasserted claims (including, without limitation, wage claims under the FLSA, the Florida Minimum Wage Act, the Florida Constitution, Florida Statutes, or Florida common law) which PLAINTIFF had, have, or may have against DEFENDANT (or its past, present and future subsidiaries, affiliates and related entities, including all of their officers, directors, owners, shareholders, partners, members, managers, representatives, insurers, agents, attorneys, employees, successors and assigns thereof) as of the full execution of this Agreement. Each Party shall bear her or its own fees and costs, except as provided for herein.

2. **Tax Responsibility.** PLAINTIFF agrees that she will be exclusively responsible for the payment of any taxes owed on any amounts paid to her under the terms of this Agreement. PLAINTIFF further agrees to indemnify and hold harmless DEFENDANT from any and all claims for taxes and penalties which may be brought as a result of the payments made under this Agreement including, without limitation, indemnification for any attorneys' fees incurred by DEFENDANT solely resulting from any such claim. PLAINTIFF acknowledges that (a) DEFENDANT has made no representation as to the taxability of the amounts paid to PLAINTIFF or her counsel, and (b) PLAINTIFF has received or will obtain advice to the extent she deems it necessary from qualified advisors in respect thereto. PLAINTIFF agrees to pay her respective portion of federal, state or local taxes, if any, which are required to be paid with respect to this Agreement.

3.      **No Consideration Absent Execution of this Agreement.** PLAINTIFF understands and agrees that she would not receive the monies and/or benefits specified in paragraph "1" above, except for her execution of this Agreement and the fulfillment of the promises contained herein.

4.      **Release of All Compensation-Related Claims.** PLAINTIFF knowingly and voluntarily releases and forever discharges DEFENDANT and its past, present and future parent companies, subsidiaries, affiliates and related entities (including, without limitation, 2K Essex LLC, 2K South Beach, LLC, and RNLN Real Estate Advisors, L.P.), including all of their current and former incorporators, executors, administrators, successors, assigns, divisions, predecessors, insurers, co-employers, employees, attorneys, officers, directors, board members, Board of Directors, shareholders, owners, partners, members, managers, representatives, and agents, both individually and in their business capacities, and their heirs, executors, agents, attorneys and assigns (collectively referred to throughout the remainder of this Agreement as "Releasees"), of and from any and all claims, known and unknown, asserted or unasserted, now existing or arising in the future, which PLAINTIFF had, has, or may have against Releasees from the beginning of time to the date of full execution of this Agreement, related to her compensation in connection with her former employment with DEFENDANT including, but not limited to, any alleged violations of the FLSA, the Florida Minimum Wage Act, the Florida Constitution, Florida common law and/or any other wage and hour law of the United States or the State of Florida and their subdivisions (whether by statute, common law or otherwise).

5.      **General Release, Claims Not Released and Related Provisions**

    a.      **General Release of All Claims by PLAINTIFF.** In consideration for the general release from DEFENDANT and other good and sufficient consideration, PLAINTIFF knowingly and voluntarily releases and forever discharges Releasees, of and from any and all claims, actions, demands, liabilities, debts, and causes of actions whatsoever, known and unknown, asserted or unasserted, now existing or arising in the future, which PLAINTIFF has or may have against any or all of the Releasees from the beginning of time to the date of full execution of this Agreement, including, but not limited to, any alleged violation of:

- Title VII of the Civil Rights Act of 1964;
- Sections 1981 through 1988 of Title 42 of the United States Code;
- The Employee Retirement Income Security Act of 1974 ("ERISA") (as modified below);
- The Age Discrimination in Employment Act ("ADEA");
- The Older Workers Benefit Protection Act;
- The Immigration Reform and Control Act;
- The Americans with Disabilities Act of 1990;

- The Americans with Disabilities Act Amendments Act of 2008;
- The Consolidated Omnibus Budget Reconciliation Act of 1985;
- The Worker Adjustment and Retraining Notification Act;
- The Fair Credit Reporting Act;
- The Family and Medical Leave Act;
- The National Labor Relations Act;
- The Equal Pay Act;
- The Occupational Safety and Health Act;
- The Genetic Information Nondiscrimination Act of 2008;
- Florida Civil Rights Act – Fla. Stat. § 760.01 et seq.;
- Florida's Private-Sector Whistleblower Act – Fla. Stat. § 448.101 et seq.;
- Florida's Statutory Provision Regarding Retaliation/Discrimination for Filing a Workers' Compensation Claim – Fla. Stat. § 440.205;
- Florida AIDS Act, Fla. Stat. § 110.1125, § 381.00 and § 760.50;
- Florida OSHA, Fla. Stat. Ann. § 442.018(2);
- Florida Discrimination on the Basis of Sickle Cell Trait Law § 448.075, 448.076;
- Florida's Domestic Violence Leave Laws – Fla. Stat. § 741.313;
- Florida's Preservation and Protection of the Right to Keep and Bear Arms in Vehicles Act – Fla. Stat. § 790.251;
- Florida's General Labor Regulations – Fla. Stat. ch. 448;
- Chapter 11A of the Miami-Dade County Code;
- Those other provisions of the Florida Statutes that lawfully may be released;
- Any other Florida statute, law, rule, or regulation relating to labor and employment, including but not limited to, any claim for unpaid wages, commissions or other forms of compensation and/or penalties;
- any other federal, state or local law, rule, regulation, or ordinance;
- any public policy, contract, tort, or common law; or
- any basis for recovering costs, fees, or other expenses, including attorneys' fees, incurred in these matters.

PLAINTIFF further specifically waives any and all claims growing out of, resulting from or connected in any way to PLAINTIFF's former employment with DEFENDANT or any of the Releasees, including any and all claims for contractual payments or obligations, salary, wages, tips, compensation, specific performance, monetary relief, employment, ownership interests, stock options, indemnities, benefits (including, but not limited to, any claims for benefits under, or contribution to, an employee benefit plan, profit-sharing or any retirement plan, and all other benefits of all kind), bonuses, merit and longevity increases, commissions, severance payments, earnings, back pay, front pay, liquidated and other damages, compensatory damages, punitive damages, damage to character, damage to reputation, emotional distress, mental anguish,

depression, injury, impairment in locating employment, financial loss, pain and suffering, injunctive and declaratory relief, interest, attorneys' fees and costs, breach of contract, detrimental reliance, fraud, impairment of contract, impairment of right to contract, discrimination of any kind, harassment of any kind, retaliation of any kind, whistle blowing, rescission, specific performance, promises, torts of all kinds, including but not limited to assault, battery, defamation, misrepresentation, intentional infliction of emotional distress, negligent infliction of emotional distress, interference with an advantageous business relationship, libel, misrepresentation, negligent or otherwise, negligent employment, including negligent hiring, negligent retention and negligent supervision, prima facie tort, and slander.

PLAINTIFF further specifically waives any rights of action and administrative and judicial relief which she might otherwise have available in the state and federal courts, including all common law claims and claims under federal and state constitutions, statutes and regulations, federal executive orders and county and municipal ordinances and regulations, as well as before the Wage and Hour Division, the Occupational Safety and Health Administration and any other division or department of the U.S. Department of Labor, the Equal Employment Opportunity Commission, the National Labor Relations Board, the Florida Commission on Human Relations or any other federal, state or local administrative agency. PLAINTIFF promises never to file, participate in or prosecute a lawsuit, complaint, charge or other proceeding asserting any claims that are released by this Agreement. PLAINTIFF further agrees not to voluntarily participate in any claim brought by any other party against the Releasees.

For the purpose of implementing a full and complete release, PLAINTIFF expressly acknowledges that the foregoing release is intended to include in its effect, without limitation, claims that she did not know or suspect to exist in her favor at the time of full execution of this Agreement, regardless of whether the knowledge of such claims or the facts upon which they might be based, would materially have affected the settlement of this matter, and that the consideration given under this Agreement is also for the release of these claims and contemplates the extinguishment of any unknown claims.

    b. **<u>Claims Not Released</u>**. PLAINTIFF does not waive any rights to pursue claims, which by law cannot be waived by signing this Agreement, to enforce this Agreement and/or to challenge the validity of this Agreement. Nothing in this Agreement prohibits or prevents PLAINTIFF from being involved with any government proceeding or inquiry that cannot be waived by agreement. To the extent permitted by law, if any claim is not subject to release, PLAINTIFF waives any right or ability to seek monetary or equitable relief, to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which DEFENDANT or any of the Releasees identified in this Agreement is a party.

6. **Release by Defendant.** In consideration for obtaining a general release from PLAINTIFF, and other good and sufficient consideration, DEFENDANT knowingly and voluntarily releases and forever discharges PLAINTIFF, of and from any and all claims, debts, and causes of actions, known and unknown, asserted or unasserted, which relate to PLAINTIFF's former employment with DEFENDANT and which DEFENDANT has or may have against PLAINTIFF as of the date of execution of this Agreement and its approval by the Court.

7. **Non-Admission.** The PARTIES agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time or for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind including, without limitation, any violation of (a) any federal, state, or local law, statute, regulation or ordinance, or (b) any duty owed by Releasees to anyone.

8. **Confidentiality** PLAINTIFF and DEFENDANT agree that all matters relating to this Agreement and the negotiations preceding this Agreement are strictly confidential. PLAINTIFF and DEFENDANT further agree not to disclose any information regarding the underlying facts leading up to or the existence or substance of this Agreement, except to their respective spouses, tax advisors, an attorney with whom they choose to consult regarding the consideration of this Agreement and/or to any federal, state, or local government agency. Notwithstanding the foregoing, DEFENDANT may disclose the foregoing information to employees, representatives and agents of DEFENDANT who need to know such information in order to effectuate the Agreement's terms.

   a. The PARTIES acknowledge and agree that a violation of this Paragraph will constitute a material breach of this Agreement which will cause the non-breaching party to suffer immediate, substantial and irreparable injury and which will be a sufficient basis for an award of injunctive relief and monetary damages (without affecting the remainder of this Agreement). The PARTIES agree that it would be impracticable and extremely difficult to ascertain the amount of actual damages caused by a material breach of this Paragraph, and therefore agree that if DEFENDANT establishes in a court of competent jurisdiction that PLAINTIFF has breached or caused any breach of this Paragraph, PLAINTIFF will: (i) be liable for liquidated damages in the amount of $1,500.00 for each violation; and (ii) reimburse the DEFENDANT for any attorneys' fees and costs incurred enforcing this provision. Likewise, if PLAINTIFF establishes in a court of competent jurisdiction that DEFENDANT has breached or caused any breach of this Paragraph, DEFENDANT will: (i) be liable for liquidated damages in the amount of $1,500.00 for each violation; and (ii) reimburse PLAINTIFF for any attorneys' fees and costs incurred enforcing this provision. The PARTIES agree that this liquidated damages provision represents reasonable compensation for the loss which would be incurred by the PARTIES, as the case may be, due to any such breach. Further, the PARTIES agree that nothing in this section is intended

to limit each party's rights, remedies and/or causes of action which are available in law or equity (including the right to obtain damages, an injunction or other relief) as may be appropriate.

b. PLAINTIFF acknowledges that with the exception of the persons or situations hereinabove described, she has not previously disclosed any of the terms of this Agreement.

c. Notwithstanding the above provision, this Agreement may be attached as an Exhibit to the Joint Motion for Approval and may be filed with the Court for approval in accordance with *Lynn's Food Stores, Inc. v. U.S. Dep't. of Labor*, 679 F.2d 1350 (11th Cir. 1982).

9. **Non-disparagement.** PLAINTIFF affirms that she will not make demeaning, disparaging and/or derogatory remarks to third parties regarding DEFENDANT and/or any Releasees in any medium, including social media. In addition, PLAINTIFF agrees that she will not defame, disparage or demean the business capabilities, products, plans or management of DEFENDANT and/or any Releasees to any former, current or potential customer, vendor, supplier, employee, contractor or subcontractor of DEFENDANT and/or any Releasees so as to affect adversely the good will or business of DEFENDANT and/or any Releasees. Provided such inquiries are directed to Steve Shaffer (sshaffer@briodest.com), DEFENDANT agrees that in the event a prospective employer requests an employment reference for PLAINTIFF, DEFENDANT shall only provide PLAINTIFF's dates of employment and last position held. In signing this Agreement, the PARTIES acknowledge that this provision is a material term and that breach of this provision constitutes a breach of this Agreement.

10. **Acknowledgments and Affirmations.** PLAINTIFF affirms that she is aware of her obligations to make any tax payments and forward payment to the Internal Revenue Service. DEFENDANT and PLAINTIFF affirm that there was no undue influence, overreaching, collusion or intimidation in reaching this Agreement.

11. **No Rehire.** PLAINTIFF agrees and acknowledges that her employment with DEFENDANT has been permanently and irrevocably terminated, and she expressly waives any right to claim re-employment with DEFENDANT. PLAINTIFF further agrees that she will not seek employment or engagement in any capacity with any of the Releasees, or any business owned or operated by the Releases at any time in the future, and that that Releasees have no obligation to rehire PLAINTIFF, and that Releasees' failure or refusal to hire her shall not be deemed retaliation.

12. **No Undisclosed Injuries.** PLAINTIFF represents and warrants that she has not suffered any on-the-job injury for which she has not already notified DEFENDANT in writing and/or filed a claim as of the full execution of this Agreement.

13. **Medicare.** PLAINTIFF affirms that as of the date she signs this Agreement, she is not Medicare eligible (i.e., is not 65 years of age or older; is not suffering from end stage renal failure; has not received Social Security Disability Insurance benefits for 24 months or longer, etc.). Nonetheless, if the Centers for Medicare & Medicaid Services ("CMS")

(this term includes any related agency representing Medicare's interests) determines that Medicare has an interest in the payments made to PLAINTIFF or her counsel under this Agreement, PLAINTIFF agrees to indemnify, defend and hold DEFENDANT and/or any Releasees harmless from any action by CMS related to medical expenses of PLAINTIFF. PLAINTIFF agrees to reasonably cooperate with DEFENDANT and/or any Releasees upon request with respect to any claim that CMS may make and for which PLAINTIFF is required to indemnify DEFENDANT and/or any Releasees under this paragraph. Further, PLAINTIFF agrees to waive any and all future actions against DEFENDANT and/or any Releasees for any private cause of action for damages pursuant to 42 U.S.C. § 1395y(b)(3)(A).

14. **Affirmation of Payment.** PLAINTIFF affirms that she has been paid and/or has received all leave (paid or unpaid), compensation, wages (including minimum wages and overtime), tips, bonuses, commissions and/or benefits to which she may be entitled as of the full execution of this Agreement, and that no leave (paid or unpaid), compensation, wages (including minimum wages and overtime), tips, bonuses, commissions and/or benefits are due to her.

15. **Covenant of Non-Assistance and Non-Solicitation:** PLAINTIFF agrees, warrants and represents that neither she, nor anyone acting on her behalf, shall ever contact, communicate with or solicit present or former employees or contractors of DEFENDANT and/or any Releasees for the purpose of encouraging and/or assisting with the filing of any claims, lawsuits, charges, complaints, petitions or other accusatory pleadings against DEFENDANT and/or any Releasees with any governmental agency or any court.

16. **Other Actions.** PLAINTIFF represents that other than the Action referenced herein, she has not filed, joined in or been a beneficiary of any complaints, charges or proceedings against DEFENDANT and/or any Releasees, with any local, state or federal agency or court.

17. **Governing Law, Venue, Default and Interpretation.** This Agreement shall be governed by and conformed in accordance with the laws of the State of Florida without regard to its conflicts of laws provision. In the event any Party initiates an action to enforce the terms of this Agreement, such action shall be commenced in the United States District Court for the Southern District of Florida, or any other court of competent jurisdiction in Miami-Dade County, Florida. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and is incapable of being modified to be enforceable, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. The Agreement should be construed, consistent with its terms and intent, to release each respective party from any and all liability to the fullest extent permissible under law. Should either party move to enforce the terms of this Agreement in any action or proceeding, the prevailing party shall be entitled to reasonable attorney's fees and costs from the non-prevailing party. This Agreement may be executed in counterparts, and each counterpart shall have the same force and effect as an original and shall constitute an effective, binding agreement on the part of each of the undersigned. All PARTIES were represented by counsel and participated in the drafting and negotiation of this Agreement. PLAINTIFF hereby attests that she is legally

competent to enter into this Agreement and fully understands and appreciates the terms, obligations and ramifications of same. This Agreement shall not be construed against either party by reason of the fact that said party was responsible for the drafting of this Agreement or any provision of this Agreement.

18. **Ownership of Claims.** PLAINTIFF represents and warrants that she is the sole and lawful owner of all rights, title and interest in and to all released claims as defined herein. PLAINTIFF further represents and warrants that there has been no assignment or other transfer of any interest in these released claims. PLAINTIFF shall not assign any of her rights or duties under this Agreement without the express written consent of DEFENDANT and/or any Releasees.

19. **Binding Nature of Agreement:** This Agreement shall be binding upon each of the PARTIES and upon their respective heirs, administrators, representatives, executors, successors and assigns, and shall inure to the benefit of each party and to their respective heirs, administrators, representatives, executors, successors and assigns

20. **Entire Agreement and Amendment.** This Agreement, along with all documentation executed at the conclusion of the above-referenced mediation, constitutes the complete understanding of the PARTIES hereto and supersedes any and all prior agreements, promises, representations or inducements, whether oral or written, concerning its subject matter. This Agreement may not be modified, altered or changed except in writing and signed by all PARTIES wherein specific reference is made to this Agreement.

**PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTER INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS SHE HAS, HAD, OR MIGHT HAVE AGAINST RELEASEES.**

The PARTIES knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

**Plaintiff, Sara Geda:**

By: _[signature]_
Sara Geda
11/7/18

**Defendant, 2K Clevelander, LLC**

By: _[signature]_
in his authorized capacity as a representative of 2K Clevelander, LLC

Print Name: _Tom Burkett_